UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MARIA DEL CARMEN RODAS LUX, | No.  1:26-cv-01285-DC-SCR |
| Petitioner, | |
| v. | ORDER |
| WARDEN, | |
| Respondent. | |

Petitioner, an immigration detainee who is representing herself, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Based on the length of time in which petitioner has been in immigration detention, the court provisionally authorizes petitioner to proceed in forma pauperis without prepayment of the filing fee in this action.  See 28 U.S.C. § 1914.

Petitioner has also filed a motion for the appointment of counsel.  ECF No. 2.  In light of the complexity of the legal issues involved, the court has determined that the interests of justice require the appointment of counsel for petitioner.  See 18 U.S.C. § 3006A(a)(2)(B); see also Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Petitioner's motion for the appointment of counsel is granted.

The court has conducted a preliminary review of the petition pursuant to Rule 4 of the

////

////

1

Rules Governing Habeas Corpus Cases Under Section 2254.[1]  Because petitioner may be entitled to the requested relief if the claimed violation of constitutional rights is proved, respondent will be served with the § 2241 petition and directed to show cause why the writ should not be granted by filing an answer/return.  See 28 U.S.C. § 2243.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Petitioner is provisionally authorized to proceed in forma pauperis without prepayment of the filing fee in this action.

2.  Petitioner's motion to appoint counsel (ECF No. 2) is granted.

3.  The Court hereby appoints Jacqueline Brown to represent petitioner for the duration of the proceedings in this Court.  The Clerk of Court shall update the docket to add Jacqueline Brown, University of San Francisco School of Law, Immigration & Deportation Defense Clinic, 2130 Fulton Street, San Francisco, CA 94117, 415-422-3330, jmbrown@usfca.edu, as counsel for petitioner.

4.  Within 14 days from the date of this order, counsel for petitioner may file an amended § 2241 petition without further leave of court, or may elect to file a notice indicating that the original habeas petition accurately reflects all legal claims and issues in this case.  Within 7 days from petitioner's filing, respondent shall file an answer/return to the habeas petition.  Petitioner shall have 3 days from the date of respondent's answer/return to file a reply.  If the parties agree on a different briefing schedule, they may submit a joint proposed order to the court based on their stipulation.

5.  The Clerk of the Court shall serve a copy of this order together with a copy of petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the United States Attorney.

6.  At the time petitioner files a reply brief, petitioner shall also file an application to proceed in forma pauperis.

---

[1]  Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254 allows a district court to apply any or all of the rules to other types of habeas corpus petitions including § 2241 petitions.

2

7.  In order to ensure this court's jurisdiction to resolve the pending § 2241 petition, respondent shall not transfer petitioner to another detention center outside of this judicial district, pending further order of the court.  See 28 U.S.C. § 1651(a) (establishing the All Writs Act which empowers the federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions…."); see also F.T.C. v. Dean Foods Co., 384 U.S. 597, 604 (1966) (emphasizing that federal courts have the power to "to preserve the court's jurisdiction or maintain the status quo by injunction pending review of an agency's action").

DATED: February 23, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

3