UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA DEL CARMEN RODAS LUX, (A#244-353-736),<br><br>                    Petitioner,<br><br>          v.<br><br>WARDEN,<br><br>                    Respondent. | No.  1:26-cv-01285-DC-SCR<br><br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee proceeding with an amended petition for writ of habeas corpus filed by counsel pursuant to 28 U.S.C. § 2241.  ECF No. 9.  This action was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

Petitioner came to the United States on January 15, 2024 via a CBP One appointment in Nogales, Arizona.  ECF No. 9 at 2.  She was released by immigration officials on the same day.  ECF No. 1 at 2-3.  The undisputed record in this case demonstrates that petitioner was released by the government premised upon either an explicit or implicit finding that she was not dangerous or a flight risk.  While on release, petitioner did not commit any crimes, materially complied with conditions of release and petitioner is not subject to a final order of removal.

Considering all of these factors, and consistent with the Court's reasoning and rulings in Tinoco v. Noem, et al., No. 1:25-cv-01762-DC-JDP (HC), 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025); Labrador-Prato v. Noem, et al., No. 1:25-cv-01598-DC-SCR (HC), 2025 WL 3458802

1

(E.D. Cal. Dec. 2, 2025); D. L.C. v. Wofford, No. 1:25-cv-01996-DC-JDP (HC), 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (granting a TRO after finding that petitioner was likely to succeed on his procedural due process claim), the court finds that petitioner's Fifth Amendment right to procedural due process was violated by her redetention without a predeprivation hearing.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's first amended application for a writ of habeas corpus be granted on claim one based on a violation of petitioner's Fifth Amendment right to procedural due process.[1]

2. Respondent be ordered to immediately release petitioner Maria Del Carmen Rodas Lux, (A#244-353-736), subject to the same release conditions she was on prior to her detention on October 15, 2025.  Respondent shall not impose any additional restriction on her, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing.

3. At the time of her release, respondent be required to return all of petitioner's documents and possessions.

4. If the government seeks to re-detain petitioner, it must provide no less than seven (7) days' notice to petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter, at which petitioner's eligibility for bond must be considered.

5. Respondent's motion to dismiss (ECF No. 10) be denied.

6. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties

---

[1]  In the interests of judicial economy, the remaining claim in the § 2241 petition is not addressed herein.

have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 3, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE